

ing on appeal. Carrion argues that the district court abused its discretion by predicating the revocation of his probation upon a conviction which was not yet final. We think not.

First, the state conviction was final and there was ample evidence that Carrion had violated the terms of his probation. *See, e. g.* United States v. Johnson, 9 Cir., 1969, 415 F.2d 1130. Second, though Carrion's federal conviction was pending on appeal, the judge was warranted in viewing that conviction as evidence that Carrion had violated federal law. Probation may be revoked when the judge is reasonably satisfied that a state or federal law has been violated, and conviction is not a prerequisite. United States v. Markovich, 2 Cir., 1965, 348 F.2d 238, 240; Bernal-Zazueta v. United States, 9 Cir., 1955, 225 F.2d 64, 68; Gross v. Bishop, 8 Cir., 1967, 377 F.2d 492; United States v. Cates, 4 Cir., 1968, 402 F.2d 473; Amaya v. Beto, 5 Cir., 1970, 424 F.2d 363.

Affirmed.

George T. Altman, Beverly Hills, Cal., for plaintiffs-appellants.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Carolyn M. Reynolds, Asst. U. S. Attys., Los Angeles, Cal., for defendants-appellees.

Before HAMLEY, BROWNING, and WRIGHT, Circuit Judges.

**Irving SARNOFF et al., Plaintiffs-Appellants,**

v.

**John B. CONNALLY, Secretary of the Treasury, Dorothy A. Elston, Treasurer of the United States, Defendants-Appellees.**

**No. 71-3049.**

United States Court of Appeals, Ninth Circuit.

March 27, 1972.

PER CURIAM:

Appellants seek a judicial determination that the military assistance and foreign aid provisions of the Foreign Assistance Act of 1961, as amended, specifically 22 U.S.C. §§ 2318, 2360, and 2364, are an invalid delegation to the Executive of power to wage war without a congressional declaration of war, because of the disbursement of funds under these sections for military purposes in Southeast Asia.

The conduct of foreign affairs is within the exclusive province of Congress and the Executive. Whether a plaintiff challenges the selective service system or the foreign aid and appropriations as-

pects of congressional cooperation in the present conflict, he presents a political question which we decline to adjudicate. *See* DaCosta v. Laird, 448 F.2d 1368 (2d Cir. 1971); Orlando v. Laird, 443 F.2d 1039 (2d Cir. 1971), cert. denied, 404 U.S. 869, 92 S.Ct. 94, 30 L.Ed.2d 113 (1971); Simmons v. United States, 406 F.2d 456, 460 (5th Cir. 1969), cert. denied, 395 U.S. 982, 89 S.Ct. 2144, 23 L.Ed.2d 770 (1969); Luftig v. McNamara, 126 U.S.App.D.C. 4, 373 F.2d 664 (1967), cert. denied, 387 U.S. 945, 87 S.Ct. 2078, 18 L.Ed.2d 1332 (1967).

Dismissal of the complaint is affirmed.

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Antonio Pereira TORRES, Defendant-Appellant.**

**No. 71-2709**

**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

March 3, 1972.

Rehearing and Rehearing En Banc Denied April 24, 1972.

John A. DeVault, III, Jacksonville, Fla., (court appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Rudy Hernandez, Asst. U. S. Atty., Jacksonville, Fla., John J. Daley, Jr., Asst. U. S. Atty., M. D. Florida, for plaintiff-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

■ The conviction of defendant for violations of the Mann Act, 18 U.S.C. § 2421, is affirmed. Only a single issue justifies discussion. The interstate transportation involved was from New York to Florida, by defendant, another male and four women, some of whom testified to acts of prostitution committed after arrival in Florida. The defendant testified that the trip was for purposes not illegal. In rebuttal the government introduced, over objection, evidence by police officers of unrelated incidents which occurred in New York as much as two years prior to the trip to Florida, some of which tended to show that defendant was engaged in prostitution-related activities with one or more of the women who went to Florida with him. Another incident tended to show that defendant had abused a woman, forced her into prostitution, and threatened her when she attempted to escape. Since defendant had attributed the trip

---

\* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.