No. 71–1652. SARNOFF ET AL. *v.* SHULTZ, SECRETARY OF THE TREASURY, ET AL. C. A. 9th Cir. Certiorari denied.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BRENNAN concurs, dissenting.

Petitioners brought this suit for an injunction against disbursements under certain sections of the Foreign Assistance Act of 1961, 75 Stat. 424, as amended, §§ 510, 610, 614 (a), 22 U. S. C. §§ 2318, 2360, 2364 (a). Re-

spondents, as agents of the Chief Executive, made the disbursements in pursuit of our military venture in Vietnam.* Their request for a three-judge court was denied, and the Court of Appeals affirmed, 457 F. 2d 809, saying that the complaint tendered a "political question" beyond judicial cognizance.

This would be a difficult case under the regime of *Frothingham* v. *Mellon,* 262 U. S. 447, whose broad language denied a federal taxpayer standing to challenge the constitutionality of a federal statute. But *Frothingham* was greatly narrowed by our 1968 decision in *Flast* v. *Cohen,* 392 U. S. 83. *Flast* held that federal taxpayers have standing if the constitutionality of the taxing or spending claims of Art. I, § 8, of the Constitution were squarely involved and if the taxpayer can show that "the challenged enactment exceeds specific constitutional limitations imposed upon the exercise of the congressional taxing and spending power and not simply that the enactment is generally beyond the powers delegated to Congress by Art. I, § 8." *Id.,* at 102–103.

In *Flast* the challenged expenditures were said to have violated the Establishment and Free Exercise Clauses of the First Amendment. Here they are said to contravene the provision in Art. I, § 8, cl. 11, which gives Congress the power to "declare War." No declaration of war has been made respecting Vietnam. Hence the question can be phrased in terms of the constitutionality of the use of funds to pursue a "Presidential war."

The action here, as in *Flast,* is a challenge by federal taxpayers of a violation of a specific constitutional provision. Actions of the Congress and of the Executive Branch are involved here as in *Flast.* The question is

---

*I have previously filed dissents in various cases tendering this question, the Court having consistently refused to entertain them. See, *e. g., Holmes* v. *United States,* 391 U. S. 936; *Hart* v. *United States,* 391 U. S. 956; *McArthur* v. *Clifford,* 393 U. S. 1002.

therefore no more "political" in this case than in *Flast.*

There has in the past been much confusion over the distinction between a "political" question and one that is "justiciable." We dispelled much of that confusion in *Baker* v. *Carr,* 369 U. S. 186, 217, when we said:

> "It is apparent that several formulations which vary slightly according to the settings in which the questions arise may describe a political question, although each has one or more elements which identify it as essentially a function of the separation of powers. Prominent on the surface of any case held to involve a political question is found a textually demonstrable constitutional commitment of the issue to a coordinate political department; or a lack of judicially discoverable and manageable standards for resolving it; or the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or an unusual need for unquestioning adherence to a political decision already made; or the potentiality of embarrassment from multifarious pronouncements by various departments on one question."

We added that a bona fide controversy "as to whether some action denominated 'political' exceeds constitutional authority" cannot be rejected by the courts. *Ibid.*

Whether after full argument and deliberation we would hold that this case falls in the category of *Flast* v. *Cohen* is unknown. But certainly the issue is important and substantial. The provisions in Art. I, § 8, cl. 11, which give Congress, not the President, the power to "declare War" is a specific grant of power that impliedly bars its exercise by the Executive Branch. And the power

is so pervasive in its reach that it may affect the lives, the property, and the well-being of the entire Nation. Arguably the principles announced in *Flast* v. *Cohen* control this case.

I would therefore grant the petition and put the case down for oral argument.